KING, P.J.,
for the Court.
¶ 1. A Walthall County Circuit Court jury convicted Donna Duncan Brooks on two counts of unlawful sale of a controlled substance within fifteen hundred feet of a *931 church. One count was for the unlawful sale of oxycodone and the other was for the unlawful sale of hydromorphone. Brooks was sentenced to concurrent sixty year sentences on each count, enhanced pursuant to Mississippi Code Annotated Section 41-29-142 (Rev.2001). She was ordered to serve the first thirty years- on each count and to spend the remaining thirty years on each count on post-release supervision. The first five years of her post-release supervision was to be on reporting status and the remaining twenty-five years was to be on non-reporting status. Brooks was also ordered to pay restitution in the amount of $100 to the Walt-hall Tylertown Drug Task Force, $343 to Walthall County Justice Court, $187.47 for medical bills incurred while she was incarcerated, a $25,000 fine, court costs and attorney fees. Following the denial of her motion for JNOV, or in the alternative a new trial, Brooks perfected this appeal asserting as her only issue the claim that the trial court erred in failing to grant her motion for JNOV.
¶ 2. Finding no reversible error in the matter of her conviction this Court affirms; however, finding error in the matter of sentencing this Court reverses and remands on that issue.
FACTS
¶ 3. At trial, Brooks rested without putting on a defense. The facts as presented by the State indicate that Brooks’ arrest and indictment were the result of a “controlled buy” operation conducted by the Walthall Tylertown Drug Task Force. Confidential informant Kevin Goldman had agreed to assist local drug enforcement officials in exchange for leniency with regard to a criminal charge of conspiracy to sell oxycodone pending against him.
114. On the day of the buy, Brooks, a Louisiana resident, was lured to a location near a church in Walthall County, Mississippi, just inside the Mississippi/Louisiana state lines to conduct the sale transaction. Brooks was not acquainted with the confidential informant, Goldman; however, she was acquainted with an associate of Goldman’s named Brian Spears who owed Brooks money at the time of the buy. Goldman contacted Brooks pretending to be Brian Spears’ brother, Bradley Spears (who was also unknown to Brooks), and enticed Brooks to the location with a promise to pay Brian’s debt as well as purchase drugs.
¶5. At the pre-buy meeting, Goldman was searched for money and drugs then wired with a body transmitter and a digital cassette recorder. He was also provided with two one-hundred-dollar bills from the task force’s funds with which to purchase the drugs. The serial numbers from the bills were recorded by the task force agents who worked with Goldman on the buy. Goldman was driven to the buy location by one of the agents while two other agents followed in another vehicle equipped with a listening and recording devise. Brooks arrived shortly thereafter.
¶ 6. Goldman exited the vehicle he was in and approached Brooks who remained seated in her vehicle, a small pickup truck. She had brought along her young son who was also seated in the truck. Goldman asked about the amount of Spears’ debt. Brooks told him the debt was $55. He then asked to purchase three hydromor-phone pills at $30 each for a total of $90 and one oxycodone pill at $50 each, bringing the total amount owed to $195. Goldman gave Brooks the two one-hundred-dollar bills he had been given by the task force and in return received from Brooks a five dollar bill as change with the four pills wrapped inside the bill.
¶ 7. The controlled buy had originally called for the surveillance team to move in *932 and make the arrest immediately following the sale; however, Brooks prepared to leave the scene before the team could arrive so the agent accompanying Goldman made the arrest.
¶ 8. At trial, the tape from the buy was played, all of the agents and Goldman testified as to what transpired, the money was identified, and a state crime lab analyst testified as to the chemical composition of the pills. Also, each of, the State’s witnesses, except the crime lab witness, testified that the buy took place in Walt-hall County within a few feet of the church. One of the agents who participated in the buy and another State’s witness who was employed by the 911 Commission to measure roads and assign addresses both testified to having taken measurements to verify that the buy took place within fifteen hundred feet of the church in Walthall County. All of the State’s witnesses and physical evidence stand uncon-tradicted in the record.
ANALYSIS
Did the Trial Court Err in Failing to Grant The Motion For Judgment Notwithstanding The Verdict?
¶ 9. The entirety of Brooks’ argument on appeal is that the State failed to prove beyond a reasonable doubt that Brooks knowingly or intentionally sold controlled substances to the informant, Kevin Goldman, while they were physically located in Walthall County,. Mississippi; therefore, the circuit court erred in failing to grant her motion for JNOV. The facts, as related previously, resoundingly reflect otherwise.
¶ 10. This Court’s standard of review on a claim of erroneous denial of a motion for JNOV is set forth in McClain v. State, 625 So.2d 774, 778 (Miss.1993) (citations omitted):
In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with ... guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence.... We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
f 11. On the basis of the undisputed evidence presented at trial, this Court finds that reasonable and fair-minded jurors could only have found Brooks guilty as charged; accordingly, the Court also finds that this assignment of error has no merit.
¶ 12. On the issue of Brooks’ sentencing; however, this Court must, on the basis of plain error, reverse and remand. Brooks was sentenced to thirty years of supervised probation which is in clear violation of Mississippi Code Annotated Section 47-7-34 (Rev.2000), which establishes that the maximum amount of time that the Mississippi Department of Corrections may supervise an offender on post-release supervision is five years. This Court remands this case to the trial court with instructions to correct that portion of the sentencing order providing for supervised probation of thirty years, to provide for a period of supervised probation not to exceed five years.
¶ 13. THE JUDGMENT OF THE WALTHALL COUNTY CIRCUIT COURT OF CONVICTION OF TWO COUNTS OF THE UNLAWFUL SALE OF A CONTROLLED SUBSTANCE WITHIN FIFTEEN HUNDRED FEET OF A CHURCH IS AFFIRMED. THE *933 JUDGMENT OF SENTENCE IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WALTHALL COUNTY.
McMILLIN, C.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR. SOUTHWICK, P.J., CONCURS IN RESULT ONLY.